1   James A. Stankowski (State Bar No. 106367)
    Marc V. Allaria (State Bar No. 168960)
2   **WILSON, ELSER, MOSKOWITZ,**
    **EDELMAN & DICKER LLP**
3   555 South Flower Street, Suite 2900
    Los Angeles, California 90071
4   Telephone:(213) 443-5100
    Facsimile: (213) 443-5101
5   James.Stankowski@wilsonelser.com
    Marc.Allaria@wilsonelser.com
6
7   Attorneys for Defendants,
    EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES
8

FILED

MAY 21 2008

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
         DEPUTY CLERK

**NOTICE OF NONCOMPLIANCE**
See L.R. 5-133(a) & (d)(3)
Filed in Paper on

MAY 2 1 2008

U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

9                   UNITED STATES DISTRICT COURT

10               EASTERN DISTRICT OF CALIFORNIA

11

12  PARVIN PANCHAL, M.D.,                    ) Case No.: 1:08-CV-00707-AWI-DLB
                                             )
13                                           )
                              Plaintiff,     ) **NOTICE OF REMOVAL OF ACTION**
14                                           ) **UNDER 28 U.S.C. SECTION 1441(b)**
                                             ) **DIVERSITY**
15  v.                                       )
                                             ) **Case Filing Date:  January 15, 2008**
16  EDUCATIONAL COMMISSION FOR )   Trial Date:        None Set
    FOREIGN MEDICAL GRADUATES )
17                                           )
                              Defendants.    )
18  _____ )

19

20  **TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF**

21  **CALIFORNIA AND TO PLAINTIFF/PETITIONER AND HIS ATTORNEYS OF**

22  **RECORD:**

23          PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1441 and 1446,

24  defendant/respondent Educational Commission for Foreign Medical Graduates

25  ("Defendant" or "ECFMG") removes the above-entitled action from the Superior

26  Court of California for the County of Sacramento to the United States District

27

28

1  Court for the Eastern District of California, Sacramento Division, and in
2  furtherance of this removal avers:

3      1.      On or about January 15, 2008, Plaintiff/Petitioner Pravin Panchal,
4  M.D. ("Plaintiff") commenced this action by filing a combined Complaint and
5  Petition for Writ of Mandate (collectively, the "Complaint") in the Superior Court
6  of the State of California, County of Sacramento, entitled *Pravin Panchal, M.D. v.*
7  *Educational Commission for Foreign Medical Graduates*, Case No. 34-2008-
8  00001156-CU-WM-GDS, alleging the following causes of action: (1) Petition for
9  Writ of Mandate (C.C.P. § 1085), (2) Petition for Writ of Administrative
10  Mandamus (C.C.P. § 1094.5), (3) Cause for Breach of Contract, (4) Cause for
11  Injunctive Relief, (5) Cause for Interference with Prospective Economic
12  Advantage. [Declaration of Marc V. Allaria in Support of Notice of Removal of
13  Civil Action to United States District Court by Defendant/Respondent ("Allaria
14  Decl."), ¶ 4.]

15      2.      On or about April 16, 2008, Plaintiff sent ECFMG, by certified mail,
16  the Complaint and a Notice of Change of Address. A true and correct copy of the
17  Complaint is attached hereto as Exhibit "1". [Id., ¶ 5.] A true and correct copy of
18  the Notice of Change of Address is attached hereto as Exhibit "2".

19      3.      On April 22, 2008, ECFMG first received the Complaint and the
20  Notice of Change of Address sent by Plaintiff. [Declaration of Stephen Seeling
21  ("Seeling Decl.), ¶ 4.]

22      4.      This Notice of Removal is filed within thirty (30) days of receipt of
23  the Complaint by ECFMG and is therefore timely under 28 U.S.C. § 1446(b)
24  [Allaria Decl., ¶ 7; Seeling Decl., ¶ 4.]

25      5.      **JURISDICTION.** This action is one over which this Court has
26  original jurisdiction under 28 U.S.C. § 1332(a) and is one which may be removed
27
28

2

660240.1

1   by Defendant pursuant to 28 U.S.C. § 1441. This is a civil action where the
2   amount in controversy exceeds the sum of $75,000, exclusive of interest and costs,
3   and is between citizens of different states.

4        6.   **DIVERSITY OF CITIZENSHIP.** Defendant ECFMG, at all
5   pertinent times, was and is a private not-for-profit corporation organized under the
6   laws of Illinois and has its principal place of business in Pennsylvania. [Seeling
7   Decl., ¶ 5.] For purposes of diversity, a corporation is a citizen of both the State in
8   which it is incorporated and the State that constitutes the corporation's "principal
9   place of business." 28 U.S.C. § 1332(c)(1). Therefore, ECFMG is considered a
10   citizen of Illinois and Pennsylvania.

11        7.   According to the Complaint, Plaintiff Pravin Panchal, M.D., an
12   individual, resides and practices medicine in the State of California. [See Ex. "1",
13   ¶ 1; Exs. "A" and "B" to Ex. "1".] Plaintiff alleges that he has a medical practice
14   in Riverside, California. [Id.] For purposes of diversity, an individual is deemed
15   to be domiciled in the state where (1) he has physical presence and (2) an intent to
16   remain in the State. Lew v. Moss, 797 F.2d 747, 750 (9th Cir. 1986). As Plaintiff
17   resides in the state of California and has a medical practice in California, he is
18   domiciled in California for the purposes of diversity. Id.

19        8.   There are no other named parties to this case. No previous application
20   for relief herein has been made. Because Plaintiff and ECFMG are citizens of
21   different States, there is complete diversity in this action. [See Ex. "1"; Seeling
22   Decl., ¶ 5.]

23        9.   **AMOUNT IN CONTROVERSY IS SATISFIED.** In the
24   Complaint, Plaintiff purports to seek, inter alia, alleged damages arising from
25   ECFMG's revocation of his ECFMG certificate. [See Ex. "1", ¶¶ 3-14, 25, 34, 35.]
26   Plaintiff received his medical training in India. [Id., ¶ 3.] ECFMG certification "is

27

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)
660240.1

1    used by graduates of foreign medical schools to obtain post-graduate training in the

2    United States. ECFMG certification is also a prerequisite to obtain a physician's

3    license in the State of California pursuant to Business and Professions Code

4    Section 2102(b)." [Id., ¶ 4.] Due to ECFMG's revocation of his medical

5    certification, Plaintiff alleges he has suffered damages arising out of his "economic

6    relationship with his current patients and hospitals in which he has medical staff

7    privileges and with physician provider organizations containing future economic

8    benefit or advantage to Plaintiff." [Id., ¶ 30.] Plaintiff also seeks punitive

9    damages from ECFMG as a result of the revocation of his medical certification.

10    [Id., ¶ 35.] In short, Plaintiff alleges that his ability to continue to practice

11    medicine is in jeopardy as a result of ECFMG revoking his certification. [Id., ¶

12    35.] As a result, based on the allegations of the Complaint, the amount in

13    controversy here exceeds the sum or value of $75,000, exclusive of interest and

14    costs.

15        10.    **VENUE IS PROPER**. Venue is proper in this district, pursuant to 28

16    U.S.C. § 1441(a), because the District Court for the Eastern District of California,

17    Sacramento Division, is the judicial district and division embracing the place

18    where the state court case is pending. 28 U.S.C. § 1441(a).

19        11.    ECFMG will promptly serve Plaintiff with this Notice of Removal

20    and will promptly file a copy of this Notice of Removal with the clerk of the

21    Superior Court of the State of California in and for the County of Sacramento as

22    required under 28 U.S.C. § 1446(d).

23        12.    The Complaint attached hereto as Exhibit "1" and the Notice of

24    Change of Address attached hereto as Exhibit "2" constitute all process, pleadings,

25    and orders received or sent by Defendant in this case. [Allaria Decl., ¶ 8.]

26

27

28

4

1       **NOW THEREFORE**, Defendant ECFMG removes this case from the

2  Superior Court of the State of California in and for the County of Sacramento to

3  the United States District Court for the Eastern District of California, Sacramento

4  Division.

5

6  Dated:  May 20, 2008                    **WILSON, ELSER, MOSKOWITZ,**

7                                    **EDELMAN & DICKER LLP**

8

9                          By:

10                           James A. Stankowski

                               Marc V. Allaria

11                         Attorneys for Defendant

                               EDUCATIONAL COMMISSION

                               FOR FOREIGN MEDICAL

12                         GRADUATES

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b) (DIVERSITY)**

660240.1

# Exhibit 1

FILED
Superior Court Of California,
Sacramento
Dennis Jones, Executive
Officer
01/15/2008
jrover
By _____, Deputy
Case Number:
34-2008-00001155-CU-WM-GDS
Dept. 53

1  Douglas B. Schwab, SBN 48637
   LAW OFFICES OF DOUGLAS B. SCHWAB
2  1900 Avenue of the Stars
   Suite 2410
3  Los Angeles, CA 90067
   Telephone: (310) 553-7176
4  Facsimile: (310) 552-0834

5

   Attorney for Petitioner
6

7              Superior Court of the State of California

8                    for the County of Los Angeles

9

10 PRAVIN PANCHAL, M.D.,                )   Case No.:
                                        )
11            Petitioner,               )   1) PETITION FOR WRIT OF
                                        )      MANDATE (C.C.P. 1085);
12       vs.                            )   2) PETITION FOR WRIT OF
                                        )      ADMINISTRATIVE MANDAMUS
13 EDUCATIONAL COMMISSION FOR           )      (C.C.P. 1094.5);
                                        )   3) CAUSE FOR BREACH OF
14 FOREIGN MEDICAL GRADUATES,           )      CONTRACT;
                                        )   4) CAUSE FOR INJUNCTIVE RELIEF;
15            Respondent.               )   5) CAUSE FOR INTERFERENCE WITH
                                        )      PROSPECTIVE ECONOMIC
16                                      )      ADVANTAGE
                                        )

17

18 Pravin Panchal, M.D. (herein also called "Petitioner" or "Plaintiff") alleges as

19 follows:

20 **FIRST CAUSE OF ACTION FOR WRIT OF MANDATE (C.C.P. SECTION 1085)**

21 1. Petitioner Pravin Panchal, M.D. is a physician licensed to practice medicine

22 in the State of California. His primary practice is cardiology and internal medicine.

23 2. Respondent Educational Commission for Foreign Medical Graduates

24 ("ECFMG") is a non profit nationwide organization which assesses whether

25 physicians graduating from medical schools outside the United States are ready to

   enter graduate medical education in the United States.

Exhibit I

1 3. Dr. Panchal performed his undergraduate work at South Gujarat University in

2 Surat, India from 1981 to 1986 where he obtained a bachelor of medicine and

3 bachelor of surgery. He did post graduate training in medicine at South Gujarat

4 University from 1987-1990, at which time he obtained his degree in general

5 medicine.

6 4. In April 1992, Petitioner applied to take the examinations for ECFMG

7 certification for which he paid ECFMG $425. Such certification is used by

8 graduates of foreign medical schools to obtain post-graduate training in the United

9 States. ECFMG certification is also a prerequisite to obtain a physician's license in

10 the State of California pursuant to Business and Professions Code Section 2102(b).

11 5. As part of the written application and agreement between Petitioner and ECFMG

12 to monitor the tests and provide appropriate certification, Dr. Panchal signed a

13 certificate stating, in part, that the "submission of any falsified ECFMG documents

14 to other agencies... may be sufficient cause for ECFMG to ...withhold a certificate,

15 to revoke a certificate, or to take other appropriate action."

16 6. In 1992 and 1993, Petitioner took and passed the necessary examinations in basic

17 science, clinical science and English language for ECFMG certification. On July 29,

18 1993, ECFMG issued to Petitioner a standard ECFMG Certificate which stated it

19 was valid indefinitely.

20 7. In 1997, Petitioner applied for a graduate medical program at Interfaith Medical

21 Center ("Interfaith") in New York. Petitioner stated, as part of his application, that

22 he had passed the examinations required for ECFMG certification. Petitioner was

23 accepted into the graduate program at Interfaith which he successfully completed

24 between 1997 and 2000.

25

---

PETITION FOR WRIT OF MANDATE, ETC.- 2

7

1   8. In 1998, after completing the first year of his graduate medical program at

2   Interfaith, Petitioner obtained his California medical license in 1998. Following the

3   completion of his three year program at Interfaith, he moved to California where he

4   has actively practiced medicine from February 2001 until the present. Petitioner

5   obtained board certification in internal medicine in October 2000. Petitioner has a

6   vested interest in his ECFMG certificate.

7   9. By letter dated December 16, 2005, ECFMG alleged that Petitioner had falsified

8   an ECFMG test score in connection with his 1997 application for the residency

9   program at Interfaith. ECFMG alleged that Dr. Panchal had submitted an ECMFG

10  test score report which showed he received a score of 87 for his clinical science

11  examination but that Dr. Panchal had only received a score of 77. The passing score

12  for the clinical science examination was 75.

13  10. On May 31, 2006, a meeting of the ECFMG Credentials Committee was held at

14  which Petitioner was permitted to appear and make a half hour presentation or

15  statement regarding the allegations against him. At the meeting Dr. Panchal

16  contended, inter alia, that ECFMG had no legal basis to take any action against him

17  eight years after the alleged event and that the facts did not support the allegations

18  that he had submitted a false ECFMG document to Interfaith.

19  11. By letter dated June 7, 2006 from ECFMG to Petitioner, the ECFMG Credentials

20  Committee determined that Petitioner had engaged in "irregular behavior" in

21  connection with the submission in 1997 to Interfaith of an ECFMG score report

22  dated September 15, 1992. The Credentials Committee determined to permanently

23  revoke the ECFMG Certificate that had been issued to him. Petitioner was notified

24  that he had 60 days from the date of such notice in which to appeal that decision

25

PETITION FOR WRIT OF MANDATE, ETC.- 3

1  pursuant to ECFMG Rules of Appellate Procedure. A copy of the June 7, 2006 letter

2  is attached hereto as Exhibit A.

3  12. By written statement dated August 2, 2006, Petitioner appealed the

4  determination of the ECFMG Credentials Committee to the ECFMG Review

5  Committee for Appeals. No personal appearance by Dr. Panchal or his attorney

6  was permitted in connection with the appeal.

7  13. By letter dated October 20, 2006 from ECFMG to Petitioner, Dr. Panchal was

8  informed that the ECFMG Review Committee for Appeals had determined not to

9  grant Petitioner's appeal. No specific basis or reason was given for the denial of his

10  appeal. A copy of the letter dated October 20, 2006 is attached hereto as Exhibit B.

11  14. The action of ECFMG in revoking Petitioner's standard certification is unlawful

12  and contrary to the mandatory duty of Respondent to maintain Petitioner's

13  standard certification including but not limited to the following reasons:

14  a) ECFMG had no lawful basis for taking action in 2006 to revoke the

15  permanent standard certification properly issued to Petitioner in 1993 based upon

16  alleged irregularities in Petitioner's application to Interfaith in 1997.

17  b) There was no stated time period in the written application and agreement

18  between ECFMG and Petitioner for action by ECFMG against Petitioner with

19  respect to a potential breach of contract with respect to Petitioner's ECFMG

20  certificate. Under such circumstances, the law implies a reasonable period of time

21  from the date of the alleged breach for enforcement or action by ECFMG. Eight

22  years is an unreasonable period of time from the date of the alleged breach of

23  contract for ECFMG to take adverse action against Petitioner. This is particularly

24  true where Petitioner relied upon the certificate which had been properly awarded

25  him in applying for and completing his three-year post-graduate medical training,

PETITION FOR WRIT OF MANDATE, ETC.- 4

1   obtaining licensure in California, and investing over five additional years in the
2   establishment of his medical practice in California, and where the statutory period
3   in California for breach of written contract in civil actions is four years (California
4   Code of Civil Procedure Section 337).

5       c)  The provision of the written application of Petitioner for ECFMG
6   certification which purports to allow ECFMG to revoke Petitioner's ECFMG
7   certificate for breach of contract is unconscionable as applied to Petitioner eight
8   years after the alleged breach of contract during which period of time Petitioner
9   relied upon the certificate which properly had been awarded him in applying for
10  and completing his three year post-graduate medical training, obtaining California
11  licensure and investing over five years in the establishment of his medical practice
12  in California.

13      d)  The contract between Petitioner and ECFMG with respect to testing and
14  certification was a contract of adhesion in which Petitioner had no bargaining
15  power and no meaningful choice or alternative but to assent to the terms of the
16  written document or give up his career in medicine in the United States.  As a
17  contract of adhesion, its terms must be strictly construed against ECFMG.

18      e)  The agreement between Petitioner and ECFMG provided that ECFMG
19  may take action against Plaintiff based upon the "submission of falsified ECFMG
20  documents to other *agencies...*" [emphasis added]. There is no basis under the
21  written agreement for the action by ECFMG against Petitioner because the
22  submission of the alleged falsified ECFMG document over eight years ago to
23  Interfaith was made to a "hospital" not an "agency" such as a state licensing
24  agency.

25

10

1    f) The revocation of Petitioner's certification eight years after the alleged
2  breach of contract where Plaintiff properly and validly obtained his certification
3  and substantially relied thereon in obtaining his California license and developing
4  his medical practice is a punitive action by ECFMG in violation of the covenant of
5  good faith and fair dealing implied in all contracts.

6    h) ECFMG was barred by the doctrine of laches from taking any action in
7  2006 to revoke the standard certification issued to Petitioner in 1993 based upon
8  alleged irregularities in Petitioner's application to Interfaith in 1997 because
9  Respondent delayed for an unreasonable length of time in commencing an action
10  against Petitioner to the detriment of Petitioner;

11  15. There is no adequate remedy at law for the illegal conduct alleged herein.
12  16. Absent action by this court, Petitioner will suffer irreparable harm.

13              SECOND CAUSE OF ACTION FOR WRIT OF ADMINSTRATIVE
14
15                          MANDAMUS (C.C.P. 1094.5)
16  16. Petitioner incorporates by reference the allegations of paragraphs 1-16 herein.
17  19. Petitioner has a vested right in the ECFMG certification issued to him in 1993
18  which substantially affects his professional livelihood.

19  20. Respondent violated the law in revoking Petitioner's ECFMG certificate because
20  ECFMG did not provide Petitioner a fair trial including but not limited to the
21  following:
22
23    a) Respondent did not provide a hearing at which Petitioner was permitted
24  to bring witnesses on his behalf or cross-examine witnesses for Respondent;
25

b)  Petitioner was permitted only to make a presentation of thirty minutes before the credentials committee with respect to the charges against him;

c)  Petitioner had no opportunity to conduct voir dire with respect to the members of the credentials committee or otherwise determine their prior involvement in the proceedings against Petitioner or their objectivity and lack of bias with respect to the matter;

d)  Respondent failed to render a decision which made specific findings connecting the evidence presented at the committee meeting with the findings in the decision or which addressed Petitioner's legal defenses;

e)  Petitioner was not permitted to make a personal appearance, by himself or through his attorney, with respect to the appeal provided by Respondent with respect to the decision of the credentials committee;

21.  Respondent committed a prejudicial abuse of discretion in determining to revoke Petitioner's ECFMG certification because the findings were not supported by the evidence and the conclusions were not supported by the findings in that:

a)  The evidence did not support a finding that Petitioner engaged in "irregularities" in his submission of ECFMG documents to Interfaith in 1997;

b)  ECFMG had no lawful basis for taking action in 2006 to revoke the standard certification properly issued to Petitioner in 1993 based upon alleged irregularities in Petitioner's application to Interfaith in 1997.

c)  ECFMG was barred by the doctrine of laches from taking any action in 2006 to revoke the standard certification issued to Petitioner in 1993 based upon

12

1  alleged irregularities in Petitioner's application to Interfaith in 1997 because

2  Respondent delayed for an unreasonable length of time in commencing an action

3  against Petitioner to the detriment of Petitioner;

4  d) ECFMG was barred by contract from taking any action with respect to

5  Petitioner's certification in 2006 based upon alleged irregularities occurring eight

6  years earlier in connection with Petitioner's application to Interfaith;

7  e) ECFMG was barred by the implied time limitations in the written

8  application for ECFMG certification from taking any action with respect to

9  Petitioner's certification in 2006 based upon alleged irregularities occurring eight

10  years earlier in connection with Petitioner's application to Interfaith;

11  f) ECFMG was barred from taking any action to revoke Petitioner's

12  standard certification in 2006 based upon alleged irregularities in his application to

13  Interfaith in 1997 because such action constituted the improper enforcement of an

14  unconscionable contractual provision by Respondent.

15  g) The revocation of Petitioner's ECFMG was unlawful because the

16  application executed by Petitioner in 1992 for his ECFMG certification provided that

17  ECFMG may take action against Petitioner based upon the "submission of falsified

18  ECFMG documents to other agencies..."  The alleged false document submitted to

19  Interfaith was submitted to a hospital and not to an "agency".

20  h) The revocation of Petitioner's ECFMG certification in 2006 based upon

21  alleged irregularities in his application to Interfaith in 1997 was unlawful and must

22  be set aside because ECFMG violated the covenant of good faith and fair dealing

23  implied in every contract by revoking Petitioner's certification based upon alleged

24  conduct occurring eight years earlier during which period of time Petitioner relied

25  upon the certificate which properly had been awarded him in applying for and

13

1 obtaining California licensure and investing over five years in the establishment of

2 his medical practice in California.

3 22. Petitioner has no adequate remedy at law for the illegal conduct alleged herein.

4 23. Absent action by this court, Petitioner will suffer irreparable harm.

5 ## THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT

6 24. Plaintiff alleges and incorporates by reference the allegations of paragraphs 1-23

7 herein.

8 25. Plaintiff has suffered damages as a result of the wrongful conduct of ECFMG as

9 alleged herein, subject to proof at trial.

10 ## FOURTH CAUSE OF ACTION FOR INJUNCTIVE RELIEF

11 26. Plaintiff alleges and incorporates by reference the allegations of paragraphs 1-23

12 herein.

13 27. Unless enjoined by this court, Plaintiff will suffer irreparable harm from the

14 unlawful conduct of ECFMG in revoking Plaintiff's standard ECFMG certificate.

15 28. There is no adequate remedy at law.

16 ## FIFTH CAUSE OF ACTION FOR INTENTIONAL INTERFERENCE WITH

17 ## PROSPECTIVE ECONOMIC ADVANTAGE

18 29. Plaintiff incorporates by reference the allegations of paragraphs 1-23 herein.

19 30. Plaintiff has an economic relationship with his current patients and hospitals in

20 which he has medical staff privileges and with physician provider organizations

21
22 containing future economic benefit or advantage to Plaintiff.

23 31. Defendant ECFMG knew of Plaintiff's relationship with his patients, hospitals

24 and provider organizations in California.

25

14          9

32. ECFMG engaged in wrongful conduct in terminating Plaintiff's ECFMG certificate and notifying the California Medical Board and other entities of its finding of "irregular behavior" by Plaintiff and in revoking Plaintiff's ECFMG certificate.

33. Defendant ECFMG engaged in such wrongful conduct with the intent to interfere with or disrupt these advantageous relationships, or with the knowledge that such interference or disruption was certain or substantially certain to occur as a result of its action.

34. The wrongful conduct of defendant which was designed to interfere with or disrupt the advantageous relationships has caused damage to Plaintiff in an amount to be proved at trial.

35. The aforementioned acts of ECFMG were willful, oppressive and malicious. Plaintiff is therefore entitled to punitive damages.

WHEREFORE, Petitioner prays as follows:

FIRST CAUSE OF ACTION

1. For a peremptory writ of mandate commanding ECFMG to set aside its decision revoking Plaintiff's ECFMG certificate and ordering ECFMG to notify all medical boards, the Federation of State Medical Boards and all other hospitals, medical education programs and all other similar entities, associations or persons to whom ECFMG previously gave notice of its revocation of Petitioner's ECFMG certificate that such action has been rescinded and set aside.

2. For his costs of suit.

PETITION FOR WRIT OF MANDATE, ETC.- 10

15

1  3. For such other and further relief as may be proper.

2  SECOND CAUSE OF ACTION

3  1. For a peremptory writ of mandate commanding ECFMG to set aside its decision

4
5  revoking Plaintiff's ECFMG certificate and further ordering ECFMG to notify all

6  medical boards, hospitals, medical education programs and all other similar

7  entities, associations or persons to whom ECFMG previously gave notice of its

8  revocation of Petitioner's ECFMG certificate that such action has been rescinded

9  and set aside.

10
   2. For his costs of suit.
11
12  3. For such other and further relief as may be proper.

13  THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT

14  1. For damages subject to proof.

15  2. For costs of suit.

16  3. For such other relief as may be proper.

17
   FOURTH CAUSE OF ACTION FOR INJUNCTIVE RELIEF
18
19  1. That a temporary restraining order and/or preliminary injunction be issued

20  commanding ECFMG to set aside its decision revoking Plaintiff's ECFMG certificate

21  and informing all state medical boards, the Federation of State Medical Boards, and

22  all other hospitals, medical education programs or other similar entities or

23  associations to whom it previously gave notice of its revocation of Plaintiff's

24
   certificate of the fact that such action has been rescinded and set aside.
25
   2. That a permanent injunction be issued commanding ECFMG to set aside its

PETITION FOR WRIT OF MANDATE, ETC.- 11

16

1    decision revoking Plaintiff's ECFMG certificate and to inform all state medical

2    boards, the Federation of State Medical Boards, and any hospital, medical

3    education program or other similar entity, association or person to whom it

4

5    previously gave notice of its revocation of Plaintiff's certificate that such action has

6    been rescinded and set aside.

7    3.  For monetary damages subject to proof.

8    4.  For his costs of suit.

9    5.  For such other and further relief as may be proper.

10

FIFTH CAUSE OF ACTION

11

12   1.  For monetary damages subject to proof.

13   4.  For punitive damages.

14   5.  For his costs of suit.

15   6.  For such other and further relief as may be proper.

16

17   Dated: December 30, 2007          Law Offices of Douglas B. Schwab

18

19

20                                    By: _____

21                                         Douglas B. Schwab,
                                          Attorney for Petitioner

22

23

24

25

PETITION FOR WRIT OF MANDATE, ETC.- 12

EXHIBIT A

14        15



**EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES**

3624 Market Street
Philadelphia PA 19104-2685 USA
215-386-5900 | 215-386-9767 Fax
www.ecfmg.org

Personal and Confidential
Via Federal Express

June 7, 2006

Dr. Pravin Mohanlal Panchal
3975 Jackson Street, #103
Riverside, CA 92506

Re: USMLE™/ECFMG® Identification No. 0-474-087-4

Dear Dr. Panchal:

On behalf of the ECFMG Medical Education Credentials Committee, I am writing to inform you the Committee has completed its review of the allegation that you engaged in irregular behavior in connection with the submission of a falsified ECFMG score report dated September 15, 1992 to Interfaith Medical Center, Brooklyn, New York. The ECFMG Committee reviewed this matter at its May 30-31, 2006 meeting.

In advance of the review, the members of the Committee were provided with the documents listed in my February 21, 2006, April 5, 2006 and May 19, 2006 letters to you. You requested and made a personal appearance before the Committee accompanied by legal counsel, Douglas B. Schwab, Esq. A copy of the transcript of the proceedings is enclosed.

The ECFMG Committee considered the documentation presented to it, your oral testimony and statements by Mr. Schwab. Following careful review of this matter, the ECFMG Committee determined that you had engaged in irregular behavior in connection with the submission of a falsified ECFMG score report dated September 15, 1992 to Interfaith Medical Center, Brooklyn, New York. The ECFMG Committee took action to permanently revoke the Standard ECFMG Certificate that had been issued to you.

In accordance with ECFMG policies and procedures, an annotation that you engaged in irregular behavior will be included in your ECFMG record. This annotation shall appear on your ECFMG Certification Verification Service Report and ECFMG Status Report. In addition, ECFMG will report the determination of irregular behavior and permanent revocation of your Standard ECFMG Certificate to the Federation of State Medical Boards, state medical licensing authorities, directors of graduate medical education programs and other interested entities.

As noted in the enclosed ECFMG Rules of Appellate Procedure, decisions of the ECFMG Medical Education Credentials Committee may be appealed within the 60 day

ECFMG® is an organization committed to promoting excellence in international medical education.

19

Dr. Pravin Mohanlal Panchal
June 7, 2006
Page 2

time limit specified.

If you have any questions, please telephone me at (215) 823-2277.

Sincerely,

William C. Kelly
Director, Credentialing and Record
Services

/wck
Enclosures
cc: Douglas B. Schwab, Esq. (with enclosure)

20

*ECFMG® Board Operational Policies and Procedures*

**Rules of Appellate Procedure**

A. Grounds for Appeal

1.  A decision of the ECFMG Medical Education Credentials Committee may be appealed to the ECFMG Review Committee if the individual involved has a reasonable basis to believe the ECFMG Medical Education Credentials Committee did not act in compliance with applicable ECFMG policies and/or procedures or that the decision of such Committee was clearly contrary to the weight of the evidence before it.

2.  All appeals must be made in accordance with the procedures set forth in these rules.

B. Notice of Appeal

The notice for such an appeal must be received by ECFMG within sixty (60) days of the date on which the notification advising the individual of the Medical Education Credentials Committee decision was mailed to the individual. This notice must specify the particular basis upon which the appeal is made.

C. Preliminary Review

1.  The President of ECFMG, or designate, shall review each notice of appeal to determine whether it has been submitted in accordance with the procedures set forth herein.

2.  If the notice of appeal complies with these requirements, the President, or his designate, shall set a date for a consideration of the appeal.

D. Review Committee

1.  The members of the Review Committee shall be appointed by the President of ECFMG. There shall be a minimum of three members on the Review Committee. Any member of the Board of Trustees who took part in the decision of the Medical Education Credentials Committee being appealed is ineligible to serve on the Review Committee for that case.

2.  The Review Committee shall select its own Chair.

3.  A written record, including all information available to the Medical Education Credentials Committee, a transcript of the individual's appearance before that Committee (if there was a personal appearance), a copy of the Committee's decision, and the basis for appeal set forth by the individual, shall be reviewed by the Review Committee.

4.  There shall be no right for an individual to personally appear before the Review Committee as part of his/her appeal.

*ECFMG® Rules of Appellate Procedure*
*Adopted by ECFMG Board of Trustees December 7, 2001*

*Page 1 of 2*

2 1

E. Scope of Review

If the Review Committee determines that the Medical Education Credentials Committee did not act in compliance with applicable ECFMG policies and procedures and/or that the decision of the Medical Education Credentials Committee was clearly contrary to the weight of the evidence before it, the Review Committee may reverse the decision of the Medical Education Credentials Committee or remand the matter to the Medical Education Credentials Committee for further consideration. Otherwise, the determination of the Medical Education Credentials Committee shall stand. The burden is upon the appellant to show that the Medical Education Credentials Committee did not act in compliance with the ECFMG policies and procedures and/or that its decision was clearly contrary to the weight of the evidence before it.

F. Decision of Review Committee

A decision of the Review Committee shall be set forth in writing and mailed to the applicant.

G. Finality of Findings

Decisions of the Review Committee are final and binding on both the applicant and ECFMG.

**EXHIBIT B**



**ⓈECFMG**™  EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES

3624 Market Street
Philadelphia PA 19104-2685 USA
215-386-5900 · 215-386-9767 Fax
www.ecfmg.org

Personal and Confidential
Via Federal Express

October 20, 2006

Dr. Pravin Mohanlal Panchal
3975 Jackson Street, #103
Riverside, CA 92506

> Re: USMLE™/ECFMG® Identification No. 0-474-087-4
> ECFMG Review Committee Decision

Dear Dr. Panchal:

At its May 30-31, 2006 meeting, the Educational Commission for Foreign Medical
Graduates (ECFMG) Medical Education Credentials Committee reviewed the allegation
that you engaged in irregular behavior in connection with the submission of a falsified
ECFMG score report dated September 15, 1992 to Interfaith Medical Center, Brooklyn,
New York. You requested and made a personal appearance before the Committee on
May 31, 2006 accompanied by Douglas B. Schwab, Esq. Following careful review, the
ECFMG Medical Education Credentials Committee determined that you had engaged in
irregular behavior in connection with the submission of a falsified ECFMG score report
dated September 15, 1992 to Interfaith Medical Center, Brooklyn, New York.   The
ECFMG Committee took action to permanently revoke the Standard ECFMG Certificate
that had been issued to you.

Douglas B. Schwab, Esq., your attorney, subsequently filed a Notice of Appeal of
the ECFMG Medical Education Credentials Committee's decision on your behalf. Your
appeal was heard on October 18, 2006 by the ECFMG Review Committee for Appeals.
The ECFMG Review Committee considered the information before it, including the
Notice of Appeal.

The ECFMG Rules of Appellate Procedure in Paragraph E set forth the Scope of
Review to be utilized by the ECFMG Review Committee for Appeals.

> "If the Review Committee determines that the Medical Education
> Credentials Committee did not act in compliance with applicable
> ECFMG policies and procedures and/or that the decision of the
> Medical Education Credentials Committee was clearly contrary
> to the weight of the evidence before it, the Review Committee
> may reverse the decision of the Medical Education Credentials
> Committee or remand the matter to the Medical Education
> Credentials Committee for further consideration.  Otherwise, the
> determination of the Medical Education Credentials Committee

ECFMG® is an organization committed to promoting excellence in international medical education.

24

Dr. Pravin Mohanlal Panchal
October 20, 2006
Page 2

shall stand. The burden is upon the appellant to show that the
Medical Education Credentials Committee did not act in compliance
with the ECFMG policies and procedures and/or that its decision
was clearly contrary to the weight of the evidence before it."

Based on its review, the ECFMG Review Committee has determined not to grant
your appeal of the decision of the ECFMG Medical Education Credentials Committee.

If you have any questions, please direct your correspondence to me or Mr.
William C. Kelly, Director, Credentialing and Record Services.

ECFMG REVIEW COMMITTEE
FOR APPEALS

By: _Stephen S. Seeling_

Stephen S. Seeling, J.D.
Vice President for Operations
Educational Commission for Foreign
Medical Graduates
At the Direction of the ECFMG
Review Committee for Appeals

SSS/wck
cc: Douglas B. Schwab, Esq.

25

## VERIFICATION

STATE OF CALIFORNIA, COUNTY OF

I have read the foregoing Petition for Writ of Mandate (C.C.P. 1085); Petition for Writ of Admin. Mandamus (C.C.P. 1094.5); ETC. _____ and know its contents.

☒ CHECK APPLICABLE PARAGRAPH

☒   I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐   I am ☐ an Officer ☐ a partner_____ ☐ a _____ of_____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason. ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐   I am one of the attorneys for_____

a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on December 30, 2007 at Riverside _____ California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Pravin Panchal, M.D.
Type or Print Name

Pravin M. Panchal MD
Signature

### ACKNOWLEDGMENT OF RECEIPT OF DOCUMENT
(other than summons and complaint)

Received copy of document described as _____

on_____ 19__.

_____
Type or Print Name

_____
Signature

### PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of_____ State of California.
I am over the age of 18 and not a party to the within action; my business address is:_____

On_____ 19__, I served the foregoing document described as_____

_____ on_____

in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

☐   (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at _____, California.

Executed on_____, 19__, at_____, California.

☐   (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee.

Executed on_____, 19__, at_____, California.

☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Type or Print Name

_____
Signature

26

# Exhibit 2

MC–040

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Douglas B. Schwab, SBN 48637<br>Law Offices of Douglas B. Schwab<br>23622 Calabasas Road, Suite 147, Calabasas, CA 91302<br>TELEPHONE NO.: (818) 225-9900   FAX NO. *(Optional):* 818 225-9902<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* Pravin Panchal, M.D. | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Sacramento<br>STREET ADDRESS: 720 Ninth Street<br>MAILING ADDRESS: 720 Ninth Street<br>CITY AND ZIP CODE: Sacramento, CA 95814<br>BRANCH NAME: Gordon Schaber Downtown Courthouse | |
|---|---|

| PLAINTIFF/PETITIONER: Pravin Panchal, M.D. | CASE NUMBER:<br>34-2008-00001156-CU-WM-GDS |
|---|---|
| DEFENDANT/RESPONDENT: The Educ. Comm. for Foreign Med. Graduates | JUDICIAL OFFICER:<br>Hon. Lloyd G. Connelly |
| **NOTICE OF CHANGE OF ADDRESS** | DEPT.:<br>33 |

1. **Please take notice** that, as of *(date):*
   ☐ the following party or
   ☑ the attorney for:
   a. ☐ plaintiff *(name):*
   b. ☐ defendant *(name):*
   c. ☑ petitioner *(name):* Pravin Panchal, M.D.
   d. ☐ respondent *(name):*
   e. ☐ other *(describe):*

   has changed his or her address for service of notices and documents in the above-captioned action.
   ☐ A list of additional parties represented is provided in Attachment 1.

2. The new address of *(name):* Douglas B. Schwab
   is as follows:
   a. Street  23622 Calabasas Road, Suite 147
   b. City: Calabasas
   c. Mailing address *(if different from above):*
   d. State and zip code:  California 91302
   e. Telephone number:  (818) 225-9900
   f. Fax number *(optional):* (818) 225-9902
   g. E-mail address *(optional):*

3. All notices and documents regarding the action should be sent to the above address.

Date:  April 16, 2008

Douglas B. Schwab
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

Page 1 of 2

Form Approved for Optional Use
Judicial Council of California
MC-040 [Rev. January 1, 2007]

**NOTICE OF CHANGE OF ADDRESS**

Cal. Rules of Court, rule 2.200
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com



Exhibit 2

27

MC-040

| PLAINTIFF: Pravin Panchal, M.D. | CASE NUMBER: |
|---|---|
| DEFENDANT: The Educ. Comm. for Foreign Med. Graduates | 34-2008-00001156-CU-WM-GDS |

**PROOF OF SERVICE BY FIRST-CLASS MAIL**

**NOTICE OF CHANGE OF ADDRESS**

*(NOTE: You cannot serve the Notice of Change of Address if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2. I served a copy of the *Notice of Change of Address* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*

   a. ☑ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Change of Address* was mailed:

   a. on *(date):* April 16, 2008

   b. from *(city and state):* Calabasas, California

4. The envelope was addressed and mailed as follows:

   a. Name of person served:
      Stephen Seeling on behalf of the Education-
      Street address: al Commission for Foreign
      City: Medical Graduates
      State and zip code: 3624 Market Street,
      Philadelphia, PA 19104

   b. Name of person served:
      Street address:
      City:
      State and zip code:

   c. Name of person served:
      Street address:
      City:
      State and zip code:

   d. Name of person served:
      Street address:
      City:
      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: April 16, 2008

Douglas B. Schwab
(TYPE OR PRINT NAME OF DECLARANT)

▶ _____
(SIGNATURE OF DECLARANT)

28

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3        I am employed in the County of Los Angeles, State of California, by
WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP and am over the
4   age of 18 and not a party to the within action. My business address is 555 South
Flower Street, Suite 2900, Los Angeles, California 90071.

5        On **May 21, 2008** I caused the foregoing document described as **NOTICE**
6   **OF REMOVAL OF ACTION UNDER 28 U.S.C. SECTION 1441(b)**
**(DIVERSITY)** on all interested parties, through their respective attorneys of
7   record in this action, by placing a true copy thereof enclosed in a sealed envelope
addressed as follows:

8

| Douglas B. Schwab, Esq. | *Attorneys for Plaintiff* |
|---|---|
| LAW OFFICES OF DOUGLAS B. SCHWAB | |
| 23622 Calabasas Road, Suite 147 | *Fax:*    (818) 225-9902 |
| Calabasas, CA 91302 | **Phone:** (818) 225-9900 |

9

10

11

12        **XX**    (by **MAIL**) I caused such envelope(s), fully prepaid, to be placed in
the United States Mail at Los Angeles, California. I am "readily familiar" with the
13   firm's practice of collection and processing correspondence or mailing. Under that
practice, it would be deposited with U.S. postal service on that same day with
14   postage thereon fully prepaid at Los Angeles, California in the ordinary course of
15   business. I am aware that on motion of the party served, service is presumed
invalid if postal cancellation date or postage meter date is more than one day after
16   date of deposit for mailing in affidavit.

17        ___    (by **UPS-Next Day Air**) I deposited a copy of such document in a
box or other facility regularly maintained by **UPS**, airbill number as indicated, in
18   envelope designated by **UPS** with delivery fees provided.

19        ___    (by **HAND DELIVERY/PERSONAL SERVICE**) I caused said
document(s) to be personally delivered by a courier/attorney service to the
20   addressee above.

21        ___    (by **FACSIMILE**) I caused such document to be telephonically
transmitted to the offices of the addressee noted above.

22

23   **JURISDICTION**
        **XX**    (Federal) I declare under penalty of perjury under the laws of the State
24   of California that the above is true and correct.

25        Executed on this **May 21, 2008,** at Los Angeles, California.

26

27   Irene Guzman-Buelna

28

6

660240.1