1  James A. Stankowski (State Bar No. 106367)
   Marc V. Allaria (State Bar No. 168960)
2  **WILSON, ELSER, MOSKOWITZ,**
   **EDELMAN & DICKER LLP**
3  555 South Flower Street, Suite 2900
   Los Angeles, California 90071
4  Telephone:(213) 443-5100
   Facsimile: (213) 443-5101
5  James.Stankowski@wilsonelser.com
   Marc.Allaria@wilsonelser.com
6

7  Attorneys for Defendant,
8  EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES

9              UNITED STATES DISTRICT COURT

10            EASTERN DISTRICT OF CALIFORNIA

11

12 PRAVIN PANCHAL, M.D.,                 ) Case No.: 1:08-CV-00707-AWI-DLB
                                         )
13                      Plaintiffs,      ) **NOTICE OF MOTION AND**
                                         ) **MOTION TO DISMISS FOR**
14 v.                                    ) **FAILURE TO STATE A CLAIM**
                                         ) **UPON WHICH RELIEF CAN BE**
15 EDUCATIONAL COMMISSION FOR            ) **GRANTED PURSUANT TO**
   FOREIGN MEDICAL GRADUATES             ) **F.R.C.P. RULE 12(b)(6), AND**
16                                       ) **FAILURE TO SERVE SUMMONS**
                                         ) **PURSUANT TO F.R.C.P. RULE**
17                      Defendants.      ) **12(b)(5);  MEMORANDUM OF**
                                         ) **POINTS & AUTHORITIES;**
18                                       ) **DECLARATION OF MARC V.**
                                         ) **ALLARIA**
19                                       )
                                         ) DATE:      Friday, July 11, 2008
20                                       ) TIME:      9:00 a.m.
                                         ) PLACE:     Courtroom #9
21 _____)

22 TO PLAINTIFF/PETITIONER AND HIS ATTORNEYS OF RECORD:

23         PLEASE TAKE NOTICE that on July 11, 2008, at 9:00 a.m., or as soon

24 thereafter as the matter may be heard in Courtroom 9, the Honorable Dennis L.

25 Beck, presiding, located at 2500 Tulare Street, Fresno, California, Defendant

26 EDUCATIONAL COMMISSION FOR FOREIGN MEDICAL GRADUATES

27 (hereinafter "ECFMG") will and hereby does move this Court to dismiss the action

28

1

brought by Plaintiff PRAVIN PANCHAL, M.D. (hereinafter "Plaintiff") pursuant to FRCP 12(b)(6) because the complaint fails to state a claim upon which relief may be granted to Plaintiff, on the grounds that they fail to state a cause of action, and are barred by the applicable statute of limitations.  Alternatively, as Plaintiff failed to have a summons issued or served, the action should be dismissed pursuant to FRCP 12(b)(5).

This motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities filed herewith, the pleadings and papers filed herein.  ECFMG's counsel attempted to meet and confer telephonically with Plaintiff's Counsel, Douglas B. Schwab, Esq., on May 27, 2008 in an attempt to resolve this matter, however was unable to reach Mr. Schwab. ECFMG's counsel left a detailed telephone message for Mr. Schwab.

Dated: May 28, 2008

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: _____
James A. Stankowski, Esq.
Marc V. Allaria, Esq.
Attorneys for Defendant
EDUCATIONAL COMMISSION
FOR FOREIGN MEDICAL
GRADUATES

**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO F.R.C.P. RULE 12(b)(6), AND FAILURE TO SERVE SUMMONS PURSUANT TO F.R.C.P. RULE 12(b)(5);  MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF MARC V. ALLARIA**

661763.1

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES

| | | Page |
|---|---|---|
| I. | SUMMARY OF MOTION…………………………………… | 3 |
| II. | SUMMARY OF ARGUMENT……………………………...……… | 3 |
| III. | FACTUAL SUMMARY……...………………………………….. | 4 |
| IV. | LEGAL ARGUMENTS………………………………… | 6 |
| | A. The Legal Sufficiency of a Cause of Action May be Challenged With a Motion to Dismiss Under F.R.C.P. 12(b)(6)……………….. | 6 |
| | B. Plaintiff's First Cause of Action for Writ of Mandate Pursuant To CCP § 1085…………………………………….. | 7 |
| | C. Plaintiff's Second Cause of Action for Writ of Administrtive Mandamus Pursuant to CCP § 1094.5……………………………. | 8 |
| | D. Plaintiff's Second Cause of Action for Writ of Administrative Mandamus Pursuant to CCP § 1094.5 Is Barred By The Statute of Limitations………………………………………….. | 9 |
| | E. Plaintiff's Third Cause of Action for Breach of Contract…………. | 10 |
| | F. Plaintiff's Fourt Cause of Action for Injunctive Relief…………….. | 12 |
| | G. Plaintiff's Fourth Cause of Action for Failure to State a Claim For Interference with Prospective Economic Advantage………….. | 12 |
| | H. Each of Plaintiff's Causes of Action must Fail As They Are Not Ripe…………………………………………………….. | 13 |
| V. | PLAINTIFF'S ACTION SHOULD BE DISMISSED PURSUANT TO F.R.C.P. RULE 12(b)(5)…………………………………….. | 14 |
| VI. | CONCLUSION…………………………………………… | 15 |

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO F.R.C.P. RULE 12(b)(6), AND FAILURE TO SERVE SUMMONS PURSUANT TO F.R.C.P. RULE 12(b)(5); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARC V. ALLARIA

662315.1

# <u>TABLE OF AUTHORITIES</u>

**<u>Statutes</u>**  **<u>Page(s)</u>**

F.R.C.P. 12(b)(5)…………………………………………………… 2, 3, 15

California Code of Civil Procedure §1094.5…………………….. 3, 8, 9, 10

F.R.C.P. 12(b)(6)…………………………………………………… 6

California Code of Civil Procedure §1085……………………….. 7

California Code of Civil Procedure §1085(a)…………………….. 7

Cal. Government Code § 54951…………………………………... 9

California Code of Civil Procedure §1094.6(a)………………….... 9

California Code of Civil Procedure §1094.6(b)………………….... 10

*4 Witkin, Cal. Procedure* (4th ed. 1997) *Pleading*, § 476, p. 570……… 11

*4 Witkin, Cal. Procedure, supra, Pleading*, § 480, p. 573……………. 11

*4 Witkin, Cal. Procedure, supra, Pleading*, § 481, p. 573……………. 11

*4 Witkin, Cal. Procedure, supra, Pleading*, § 501, p. 589……………. 12

5 *Witkin, Cal. Procedure* (4th ed. 1997)
   *Pleading*, § 782, p. 239.CA(3)(3)…………………………….... 12

California Code of Civil Procedure, § 430.10…………………….... 14

California Rule of Court 3.110(b)………………………………….. 14

Sacramento Superior Court Local Rule 11.03(A)…………………. 14

California Code of Civil Procedure, § 415.40…………………….... 15

California Code of Civil Procedure, § 1096……………………….. 15

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO F.R.C.P. RULE 12(b)(6), AND FAILURE TO SERVE SUMMONS PURSUANT TO F.R.C.P. RULE 12(b)(5); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARC V. ALLARIA

662315.1

1 | **Cases**

2

*Balistreri v. Pacifica Police Dept.*,

3     901 F.2d. 696, 699 (9th Cir. 1990)………………………………....    6

4

*Cahill v. Liberty Mutual Ins. Co.*,

5     80 F.3d 336, 337-338 (9th Cir. 1996)…………………………..    6

6

*Clegg v. Cult Awareness Network*,

7     18 F.3d 752, 754-755 (9th Cir. 1994)…………………………...    6

8

*City of Santa Cruz v. Local Agency Formation Com.*,

9     76 Cal. App. 3d 381, 390 (Cal. App. 1st Dist. 1978)………………    9

10

*County of Los Angeles v. Tax Appeals Board*,

11     267 Cal. App. 2d 830, 833 (Cal. App. 2d Dist. 1968)………………    9

12

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*,

13     11 Cal. 4th 376, 379 (1995)…………………………………………    12

14

*Dill v. Berquist Const. Co., Inc.*,

15     24 Cal. App. 4th 1426, 1439 (1994) fn. 12………………………    14

16

*Intel Corp. v. Hamidi*,

17     30 Cal. 4th 1342, 1352 (2003)……………………………………..    12

18

*Korea Supply Co. v. Lockheed Martin Corp.*,

19     29 Cal. 4th 1134, 1153 (Cal. 2003)……………………………….    12

20

*Korea Supply Co. v. Lockheed Martin Corp.*,

21     29 Cal. 4th 1132, 1159 (2003)…………………………………………    13

22

*Lee v. City of Beaumont*,

23     12 F.3d 933, 936-937 (9th Cir. 1993)…………………………...    14

24

*Mack v. South Bay Beer Distributors, Inc.*,

25     798 F.2d 1279, 1282 (9th Cir. 1986)……………………………..    7

26

*Mullis v. United States Bankruptcy Court*,

27     828 F.2d 1385, 1388 (9th Cir. 1388)…………………………..    6

28

iii

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED
PURSUANT TO F.R.C.P. RULE 12(b)(6), AND FAILURE TO SERVE SUMMONS PURSUANT TO F.R.C.P. RULE 12(b)(5);
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARC V. ALLARIA

662315.1

1

2   *Parks School of Business, Inc. v. Symington*,
3     51 F.3d 1480, 1484 (9th Cir. 1995).......................................... 6

4   *Parrino v. FHP, Inc.*,
5     146 F.3d 699, 706 (9th Cir. 1998)........................................ 6

6   *People v. County of Tulare*,
7     45 Cal. 2d 317, 319 (Cal. 1955)............................................ 8

8   *Romo v. Gulf Stream Coach, Inc.*,
9     250 F.3d 1119 (7th Cir. 2001)............................................. 14

10   *Summers v. McClanahan*,
11     140 Cal. App. 4th 403, 415 (2006)........................................ 14

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED
PURSUANT TO F.R.C.P. RULE 12(b)(6), AND FAILURE TO SERVE SUMMONS PURSUANT TO F.R.C.P. RULE 12(b)(5);
MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MARC V. ALLARIA

662315.1

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   SUMMARY OF MOTION

This motion is predicated upon the undisputed fact that Plaintiff had failed to initiate this action within the statue of limitations, and that Plaintiff allegations against Defendants do not support any cause of action.   Alternatively, as Plaintiff failed to have a summons issued or served, the action should be dismissed pursuant to FRCP 12(b)(5).

### II.   SUMMARY OF ARGUMENT

Defendant Educational Commission for Foreign Medical Graduates ("ECFMG") through its program of certification ("Certification") assesses the readiness of international medical graduates to enter residency or fellowship programs in the United States that are accredited by the Accreditation Council for Graduate Medical Education (ACGME) "Certification". The Medical Programs use the information contained in the Certification as part of its decision making process in determining whether to accept an applicant to its residency or fellowship programs.

As will be detailed below, Plaintiff's claims revolve around the fact that Plaintiff misrepresented his test scores (by submitting falsified documents) that he received in connection with his Certification when applying to the Interfaith Medical Center, Brooklyn, New York ("ICM") residency program.  ICM while reviewing its records for an unrelated matter learned of Plaintiff's fraudulent conduct, and notified ECFMG.  ECFMG conducted an investigation and upon verifying Plaintiff's fraudulent behavior, revoked Plaintiff's Certification.  Plaintiff has requested a Writ of Administrative Mandamus (pursuant to CCP § 1094.5), however, as Defendant is not a "Local Agency" this is an improper request.

///

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO F.R.C.P. RULE 12(b)(6), AND
FAILURE TO SERVE SUMMONS PURSUANT TO F.R.C.P. RULE 12(b)(5);  MEMORANDUM
OF POINTS & AUTHORITIES; DECLARATION OF MARC V. ALLARIA

661763.1

Furthermore, even if Defendant was deemed to be a Local Agency, Plaintiff's Writ is barred by the applicable statute of limitations.

## III.   FACTUAL SUMMARY

The following factual summary was alleged in Plaintiff's Complaint, which is attached hereto as Exhibit "1". Plaintiff is a physician licensed to practice medicine in the State of California. His primary practice is cardiology and internal medicine. (Cmp. ¶ 1).   ECFMG is a non profit corporation which assesses whether physicians graduating from medical schools outside the United States are ready to enter graduate medical education in the United States. (Cmp. ¶ 1).

In April 1992 Plaintiff applied to take the examinations for ECFMG certification. (Cmp. ¶ 4).   Such certification is used by graduates of foreign medical schools to obtain post-graduate training in the United States. ECFMG certification is also a prerequisite to obtain a physician's license in the State of California pursuant to Business and Professions Code Section 2102(b). (Cmp. ¶ 4).

As part of the written application and agreement between Plaintiff and ECFMG to monitor the tests and provide appropriate certification Plaintiff signed a certificate stating, in part, that the "submission of any falsified ECFMG documents to other agencies, may be sufficient cause for ECFMG to .. .withhold a certification to revoke a certificate, or to take other appropriate action." (Cmp. ¶ 5).

In 1993, issued to Plaintiff an ECFMG Certificate. (Cmp. ¶ 6).  In 1997, Plaintiff applied for a graduate medical program at IMC. Petitioner stated, as part of his application, that he had passed the examinations required for ECFMG certification. Plaintiff was accepted into the graduate program at IMC which he completed between 1997 and 2000.  (Cmp. ¶ 7).  In 1998, after completing the first year of his graduate medical program at IMC Plaintiff obtained his California

**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO F.R.C.P. RULE 12(b)(6), AND FAILURE TO SERVE SUMMONS PURSUANT TO F.R.C.P. RULE 12(b)(5);  MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF MARC V. ALLARIA**

661763.1

medical license in 1998. Plaintiff obtained board certification in internal medicine in October 2000. (Cmp. ¶ 8).

In 2005, ECFMG learned that Plaintiff had falsified his ECFMG test score in connection with his 1997 application for the residency program at IMC. ECFMG learned that among other things, Plaintiff had submitted an ECMFG test score report which (falsely) showed that he received a score of 87 for his clinical science examination, when in fact Plaintiff had only received a score of 77. (Cmp. ¶ 9).

ECFMG conducted a hearing, and determined that as a result of Plaintiff "irregular behavior" that it was revoking Plaintiff's Certification. (Cmp. ¶ 11). Plaintiff appealed the decision to the ECMFG Review Committee for Appeals, but his appeal was denied. (Cmp. ¶ 12-13). Plaintiff essential argues in this action that because ECFMG did not learn of Plaintiff's fraudulent submission until 8 years after he submitted his application to IMC that ECFMG should not be permitted to revoke his Certification. (Cmp. ¶ 14). Plaintiff asserts that as a result of ECFMG's revocation of the Certification, that he faces the loss of his California medical license. (Cmp. ¶ 14 (f)).

As detailed below, Plaintiff's claims fail as a matter of law for numerous reasons. First, even assuming that ECFMG is a local agency to which a Writ of Administrative Mandamus is appropriate, it would be barred by the applicable statute of limitations. Furthermore, Plaintiff concedes in his Complaint that he agreed that if ECMFG determined that Plaintiff submitted "any falsified ECFMG documents to other agencies" that ECFMG was entitled to "revoke a certificate". (Cmp. ¶ 5). Finally, ECFMG's revocation of Plaintiff's Certification does not the in and of itself cause Plaintiff to lose his medical license in California. That would require an action by the California Medical Board who as of today's date has apparently not taken any action against Plaintiff, and who has not been named as a Defendant.

5

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO F.R.C.P. RULE 12(b)(6), AND FAILURE TO SERVE SUMMONS PURSUANT TO F.R.C.P. RULE 12(b)(5); MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF MARC V. ALLARIA

661763.1

## IV.   LEGAL ARGUMENTS

### A.   The Legal Sufficiency of a Cause of Action May Be Challenged With a Motion to Dismiss Under F.R.C.P. 12(b)(6).

A Motion to Dismiss [F.R.C.P. 12(b)(6)] tests the legal sufficiency of a claim or cause of action. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996). Dismissal is warranted for either a lack of a cognizable legal theory or a lack of sufficient facts alleged under a cognizable theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d. 696, 699 (9th Cir. 1990). The Court cannot, however, accept legal conclusions cast in the form of factual allegations if those conclusions cannot be reasonably drawn from the facts alleged. *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-755 (9th Cir. 1994). While courts generally accept "all well-pleaded factual averments", this standard is "not entirely a toothless tiger". Doyle v. Hasbro, Inc., 103 F.3d 186, 190 (1996). Pleading conclusory allegations, instead of evidentiary facts, generally fails to defeat a motion to dismiss for failure to state a cognizable claim. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).

In resolving a motion brought pursuant to F.R.C.P. 12(b)(6), the court: (1) construes the complaint in the light most favorable to the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether the plaintiff can prove any set of facts to support a claim that would merit relief. See *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996); *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). However, in resolving such a motion, the court need not accept as true allegations that contradict facts which may be judicially noticed by the court. See *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1388). To this end, the court may properly consider matters of public record, such as pleadings, orders and

661763.1

other papers in the court's file.  See *Mack v. South Bay Beer Distributors, Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

### B.    Plaintiff's First Cause of Action for Writ of Mandate Pursuant to CCP § 1085

This Court should dismiss Plaintiff's First Cause of Action Writ of Mandate pursuant to CCP § 1085 as Plaintiff cannot allege that ECFMG has acted unlawfully.  CCP § 1085(a) states in that:

> A writ of mandate may be issued by any court to any inferior tribunal, corporation, board, or person, to compel the performance of an act which the law specially enjoins, as a duty resulting from an office, trust, or station, or to compel the admission of a party to the use and enjoyment of a right or office to which the party is entitled, and from which the party is unlawfully precluded by such inferior tribunal, corporation, board, or person.

In the instant action, Plaintiff concedes that pursuant to his agreement with ECFMG, that if ECMFG determined that Plaintiff submitted "any falsified ECFMG documents to other agencies" that ECFMG was entitled to "revoke a certificate".  (Cmp. ¶ 5).  CCP § 1085 does not provide authorization for a Court to order a corporation not to take an action that it had every legal right to undertake. Plaintiff's argument that because ECFMG had not learned of his malfeasance until approximately 8 years after he falsified his test scores to IMC, does not provide a legal basis for the request that this Court order ECFMG to reinstate Plaintiff's Certification.

///

///

///

**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO F.R.C.P. RULE 12(b)(6), AND FAILURE TO SERVE SUMMONS PURSUANT TO F.R.C.P. RULE 12(b)(5);  MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF MARC V. ALLARIA**

661763.1

1

2

### C.   Plaintiff's Second Cause of Action for Writ of Administrative Mandamus Pursuant to CCP § 1094.5

3       This Court should dismiss Plaintiff's Second of Action for Writ of

4   Administrative Mandamus Pursuant to CCP § 1094.5 as CCP § 1094.5 does not

5   apply to ECFMG.  CCP § 1094.5 states in pertinent that:

6           (a) Where the writ is issued for the purpose of inquiring into the

7           validity of any final administrative order or decision made as the

8           result of a proceeding in which by law a hearing is required to be

9           given, evidence is required to be taken, and discretion in the

10          determination of facts is vested in the inferior tribunal, corporation,

11          board, or officer, the case shall be heard by the court sitting without a

12          jury. …

13

14          (b) The inquiry in such a case shall extend to the questions whether

15          the respondent has proceeded without, or in excess of jurisdiction;

16          whether there was a fair trial; and whether there was any prejudicial

17          abuse of discretion. Abuse of discretion is established if the

18          respondent has not proceeded in the manner required by law, the order

19          or decision is not supported by the findings, or the findings are not

20          supported by the evidence. …

21

22          CCP § 1094.5 does not apply to ECFMG, as ECFMG is not an

23   administrative and quasi-judicial agency.  "The Legislature, in section 1094.5 of

24   the Code of Civil Procedure, has provided an appropriate method of reviewing acts

25   of a statewide administrative and quasi-judicial agency such as the State Board of

26   Equalization." *People v. County of Tulare*, 45 Cal. 2d 317, 319 (Cal. 1955). "The

27   decisive question is whether the agency exercises an adjudicatory function in

28

8

**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO F.R.C.P. RULE 12(b)(6), AND FAILURE TO SERVE SUMMONS PURSUANT TO F.R.C.P. RULE 12(b)(5);  MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF MARC V. ALLARIA**

661763.1

considering facts presented in an administrative hearing. . . ." *County of Los Angeles v. Tax Appeals Board*, 267 Cal. App. 2d 830, 833 (Cal. App. 2d Dist. 1968). "[An] examination of the legislative history of [§ 1094.5] convinces us that it was not intended that the section apply to . . . any quasi-legislative acts of an administrative body." *City of Santa Cruz v. Local Agency Formation Com.*, 76 Cal. App. 3d 381, 390 (Cal. App. 1st Dist. 1978).

Plaintiff does not allege, nor can it allege that ECFMG is a "statewide administrative" or "quasi-judicial agency." "Local Agency" is defined in Cal. Government Code § 54951 as "a county, city, whether general law or chartered, city and county, town, school district, municipal corporation, district, political subdivision, or any board, commission or agency thereof, or other local public agency." ECFMG is not an "agency" within the meaning of C.C.P. § 1094.5. It is a private non-profit corporation organized under the laws of Illinois with its principal place of business in Pennsylvania. It is not an "agency" regulating any county, city or municipality. As a result, this Court should dismiss Plaintiff's Second of Cause Action for Writ of Administrative Mandamus Pursuant to CCP § 1094.5

**D.    Plaintiff's Second Cause of Action for Writ of Administrative Mandamus Pursuant to CCP § 1094.5 Is Barred By The Statute of Limitations**

This Court should dismiss Plaintiff's Second of Action for Writ of Administrative Mandamus Pursuant to CCP § 1094.5 as it is barred by the applicable statute of limitations.  C.C.P. § 1094.6(a) states:

Judicial review of any decision of a local agency, other than school district, as the term local agency is defined in Section 54951 of the Government Code, or of any commission, board, officer or agent

9

1    thereof, may be had pursuant to Section 194.5 of this code only if the

2    petition for writ of mandate pursuant to such section is filed within the

3    time limits specified in this section.

4

5    C.C.P. § 1094.6(b) states:

6

7    Any such petition shall be filed not later than the 90th day following

8    the date on which the decision becomes final.  If there is no provision

9    for reconsideration of the decision, or for a written decision or written

10    findings supporting the decision, in any applicable provision of any

11    statute, charter, or rule, for the purposes of this section, the decision is

12    final on the date it is announced...

13

14    Therefore, even if ECFMG is an "agency" within the meaning of C.C.P. §

15  1094.5, Plaintiff still has failed to state facts sufficient to constitute a cause of

16  action because the statute of limitations has run.  The "order" denying the appeal

17  by ECFMG was announced by letter dated October 20, 2006 – fifteen months prior

18  to the date plaintiff filed this writ. (See Cmp. Exhibit "B"). As a result, this Court

19  should dismiss Plaintiff's Second Cause of Action for Writ of Administrative

20  Mandamus Pursuant to CCP § 1094.5

21

22    **E.**    **Plaintiff's Third Cause of Action for Breach of Contract**

23    Plaintiff alleges that ECFMG delayed too long to take any action regarding

24  his ECFMG Certification, and that constituted a breach of contract.  Plaintiff fails

25  to state facts sufficient to show that ECFMG was the entity who delayed.  In fact,

26  Plaintiff states that IMC was the entity who delayed, not ECFMG.  ECFMG

27  merely took action regarding his certificate once IMC informed them of potential

28

10

NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO F.R.C.P. RULE 12(b)(6), AND
FAILURE TO SERVE SUMMONS PURSUANT TO F.R.C.P. RULE 12(b)(5);  MEMORANDUM
OF POINTS & AUTHORITIES; DECLARATION OF MARC V. ALLARIA

661763.1

misconduct.  It was the IMC's "delay", not ECFMG's.  Thus, Plaintiff has failed to state facts showing that ECFMG unreasonably delayed and that delay was prejudicial to him.  Furthermore, Plaintiff has not and can not cite any specific provision of his "agreement" with ECFMG that he alleges that ECFMG allegedly breached.

The statement of a cause of action for breach of contract requires pleading (a) the contract; (b) plaintiff's performance or excuse for nonperformance; (c) defendant's breach; and (d) damage to plaintiff.  *4 Witkin, Cal. Procedure* (4th ed. 1997) *Pleading*, § 476, p. 570.  "A written contract is usually pleaded by alleging its making and then setting it out verbatim . . . in the body of the complaint or as a copy attached and incorporated by reference." *4 Witkin, Cal. Procedure, supra, Pleading*, § 479, p. 572.  "The other method of pleading a written contract is according to its legal effect, by alleging the making, and then proceeding to allege the substance of its relevant terms." *4 Witkin, Cal. Procedure, supra, Pleading*, § 480, p. 573.  Where a plaintiff relies upon a written contract, but does not set forth all of the terms of the contract verbatim, nor state the substance of its relevant terms, the complaint is insufficient for failure to plead essential terms. *4 Witkin, Cal. Procedure, supra, Pleading*, § 481, p. 573.  In addition, the complaint must allege facts showing that the damages complained of were a result of the defendant's breach. *4 Witkin, Cal. Procedure, supra, Pleading*, § 501, p. 589.

Plaintiff fails to allege any of the essential elements for his breach of contract causes of action.  Plaintiff fails to allege the basic terms of the contracts or even the Parties to the alleged contract.  Plaintiff fails to attach the alleged agreement, or to even detail which provisions ECFMG allegedly breached.  As a result, this Court should dismiss Plaintiff's Third Cause of Action for Breach of Contract.

661763.1

### F.   Plaintiff's Fourth Cause of Action for Injunctive Relief

Plaintiff's Fourth Cause of Action for Injunctive Relief is duplicative and cumulative of Plaintiff's writ of mandate claims.   In order to obtain injunctive relief, a plaintiff ordinarily must show that the defendant's wrongful acts threaten to cause irreparable injuries, ones that cannot be adequately compensated in damages.  5 *Witkin, Cal. Procedure* (4th ed. 1997) *Pleading*, § 782, p. 239.CA(3)(3); *Intel Corp. v. Hamidi*, 30 Cal. 4th 1342, 1352 (2003).  Plaintiff must show that all other remedies at law are inadequate.  Plaintiff has failed to allege such facts here.  He filed petitions for writ of mandate, which would achieve the same result if successful.  In addition, he has sued for breach of contract and intentional interference with prospective economic advantage, which are other remedies at law that are adequate to compensate him in this instance.

### G.   Plaintiff's Fourth Cause of Action for Failure to State a Claim for Interference with Prospective Economic Advantage

The elements of a cause of action for interference with prospective economic advantage are: "(1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) intentional acts on the part of the defendant designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the plaintiff proximately caused by the acts of the defendant." *Korea Supply Co. v. Lockheed Martin Corp*., 29 Cal. 4th 1134, 1153 (Cal. 2003)

The requirement that the plaintiff plead and prove that the defendant's interference was "wrongful" was specifically adopted by the California Supreme Court in *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 379 (1995).  The Court held that the interference must be wrongful "by some measure

---

12

**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO F.R.C.P. RULE 12(b)(6), AND FAILURE TO SERVE SUMMONS PURSUANT TO F.R.C.P. RULE 12(b)(5);  MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF MARC V. ALLARIA**

661763.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

beyond the fact of the interference itself." Subsequently, in *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1132, 1159 (2003), the California Supreme Court held that an act is independently wrongful if it is unlawful, which means that it must be conduct proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard.

Plaintiff has failed to plead facts sufficient to show that ECFMG's conduct was "wrongful." To the contrary, ECFMG is under an ethical duty to report misconduct to medical boards, in order to protect the public at large from dishonest physicians such as Plaintiff.

**H.    Each of Plaintiff's Causes of Action must Fail As They Are Not Ripe**

Notably, although Plaintiff correctly alleges that his Certification from ECFMG was revoked, Plaintiff has not alleged that he has lost his California medical license as a result. ECFMG is not involved with the issuing of Plaintiff's California medical license, and such a decision will ultimately be made independently of ECFMG's decision to revoke Plaintiff's Certification. As Plaintiff detailed in his Complaint, the Certification is essentially a tool utilized by medical programs to determine if a foreign student is a good applicant for their program. Plaintiff admits that he was accepted to IMC's program, and completed the same. If Plaintiff ultimately loses his medical license in California, that will be as a result of an action by the California Medical Board, which unlike ECFMG is a state agency. Plaintiff will be entitled at any such hearing before the California Medical Board to argue that ECFMG should not have revoked his Certification, and that the California Medical Board should not rely upon that revocation in determining whether to revoke his medical license. However, as apparently the

---

13

661763.1

California Medical Board has not instituted any such proceeding, Plaintiff's claims herein are not ripe.

## V.   PLAINTIFF'S ACTION SHOULD BE DISMISED PURSUANT TO F.R.C.P. RULE 12(b)(5)

Plaintiff served the writ/complaint before the case was removed to the Federal Court, therefore the California rules regarding service and process apply. (See _Lee v. City of Beaumont_, 12 F.3d 933, 936-937 (9th Cir. 1993) (sufficiency of service of process prior to removal from state court is determined under state law). (See also _Romo v. Gulf Stream Coach, Inc.,_ 250 F.3d 1119 (7th Cir. 2001).   The Complaint should be dismissed, because Plaintiff failed to serve a Summons, which is required when causes of action are combined with a writ of mandate. C.C.P. § 430.10.  The purpose of the statutory requirements is to assure adequate notice. Therefore, "(w)hile partial compliance may sometimes be determined to be substantial and therefore sufficient, liberal construction cannot cure a plaintiff's complete failure to comply with statutory requirements when attempting to serve a defendant." _Dill v. Berquist Const. Co., Inc_., 24 Cal. App. 4th 1426, 1439 (1994) fn. 12 (emphasis added).  Nor does actual notice of the lawsuit excuse a complete failure to comply with statutory requirements for service. _Summers v. McClanahan_, 140 Cal. App. 4th 403, 415 (2006).

Additionally, California Rules of Court require that a defendant be served with a complaint 60 days after the action has commenced (by the filing of a complaint). California Rule of Court 3.110(b) and Sacramento Superior Court Local Rule 11.03(A).  Plaintiff filed the Writ of Mandate/Complaint on January 15, 2008 and served ECFMG (located outside of California) on April 16, 2008 by certified mail.  That is over three months from the filing of the Complaint in direction violation of California court rules.  As detailed above, as Plaintiff failed

---

14

661763.1

to serve a summons with the Writ/Complaint, and failed to serve the Writ/Complaint in a timely manner, he also violated C.C.P. § 415.40 (service of summons) and C.C.P. § 1096 (service of writ must be served in same manner as a summons in a civil action.).

## VI.   CONCLUSION

As detailed above, Plaintiff cannot establish any of his claims against of ECFMG, and as a result, this Court should dismiss all of his claims. In the alternative, this Court should dismiss Plaintiff's claims pursuant to F.R.C.P. 12(b)(5).

Dated: May 28, 2008

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: _____
James A. Stankowski, Esq.
Marc V. Allaria, Esq.
Attorneys for Defendant
EDUCATIONAL COMMISSION
FOR FOREIGN MEDICAL
GRADUATES

### DECLARATION OF MARC V. ALLARIA

I, Marc V. Allaria declare as follows:

1. I am an attorney at law, duly licensed to practice before all the Courts in the State of California, including the United States District Court, Eastern District and am an associate in the law firm of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorney of record for Defendant Educational Commission For Foreign Medical Graduates ("ECFMG").

2. On May 27, 2008, I left a telephone message for Douglas B. Schwab, Esq., Plaintiff's counsel to discuss the complaint, and specifically advised him that I wished to meet and confer to discuss the Complaint and matters related to a FRCP 12(b)(6) motion that my client intended to file.

3. At the time of filing this Motion, Mr. Schwab has not returned my telephone call. I remain open to meet and confer with Mr. Schwab prior to the hearing of this Motion, and if any agreement can be reached prior to the hearing related to the issues detailed in this motion, we will notify the Court immediately.

4. Attached hereto as Exhibit "1" and incorporated herein by this reference is a true and correct copy of the Writ/Complaint filed by Plaintiff in the State Court which was removed to the Federal Court.

5. I have been advised by ECFMG that when they were served with the Complaint, that they were not served with a Summons. I reviewed the Sacramento Superior Court's web-site, and it does not appear that a Summons was issued.

I declare under penalty of perjury, under the laws of the United States of America, that the foregoing is true and correct and within my own personal knowledge.

Executed this 2 ⸂ day of May, 2008, at Los Angeles, California.

           _____
           Marc V. Allaria

**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO F.R.C.P. RULE 12(b)(6), AND FAILURE TO SERVE SUMMONS PURSUANT TO F.R.C.P. RULE 12(b)(5);  MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF MARC V. ALLARIA**

661763.1

**EXHIBIT  A**

## ORIGINAL

FILED
Superior Court Of California,
Sacramento
Dennis Jones, Executive
Officer
01/15/2008
jrover
By _____ 𝒪𝒦 _____ , Deputy
Case Number:
34-2008-00001156-CU-WM-GDS

Dept 33

1  Douglas B. Schwab, SBN 48637
   LAW OFFICES OF DOUGLAS B. SCHWAB
2  1900 Avenue of the Stars
   Suite 2410
3  Los Angeles, CA  90067
   Telephone: (310) 553-7176
4  Facsimile: (310) 552-0834

5
   Attorney for Petitioner
6
                Superior Court of the State of California
7
                     for the County of Los Angeles
8

9

10 PRAVIN PANCHAL, M.D.,                     )   Case No.:
                                             )
11          Petitioner,                      )    1)PETITION FOR WRIT OF
                                             )   MANDATE (C.C.P. 1085);
12     vs.                                   )   2)PETITION FOR WRIT OF
                                             )   ADMINISTRATIVE MANDAMUS
13 EDUCATIONAL COMMISSION FOR                )   (C.C.P. 1094.5);
                                             )   3) CAUSE FOR BREACH OF
14 FOREIGN MEDICAL GRADUATES,                )   CONTRACT;
                                             )   4) CAUSE FOR INJUNCTIVE RELIEF;
15          Respondent.                      )   5) CAUSE FOR INTERFERENCE WITH
                                             )   PROSPECTIVE ECONOMIC
16                                           )   ADVANTAGE

17
   Pravin Panchal, M.D. (herein also called "Petitioner" or "Plaintiff") alleges as
18
   follows:
19
   **FIRST CAUSE OF ACTION FOR WRIT OF MANDATE (C.C.P. SECTION 1085)**
20
   1.  Petitioner Pravin Panchal, M.D. is a physician licensed to practice medicine
21
   in the State of California.  His primary practice is cardiology and internal medicine.
22
   2.  Respondent Educational Commission for Foreign Medical Graduates
23
   ("ECFMG") is a non profit nationwide organization which assesses whether
24
   physicians graduating from medical schools outside the United States are ready to
25
   enter graduate medical education in the United States.

---

PETITION FOR WRIT OF MANDATE, ETC - 1

17

3. Dr. Panchal performed his undergraduate work at South Gujarat University in Surat, India from 1981 to 1986 where he obtained a bachelor of medicine and bachelor of surgery. He did post graduate training in medicine at South Gujarat University from 1987-1990, at which time he obtained his degree in general medicine.

4. In April 1992, Petitioner applied to take the examinations for ECFMG certification for which he paid ECFMG $425. Such certification is used by graduates of foreign medical schools to obtain post-graduate training in the United States. ECFMG certification is also a prerequisite to obtain a physician's license in the State of California pursuant to Business and Professions Code Section 2102(b).

5. As part of the written application and agreement between Petitioner and ECFMG to monitor the tests and provide appropriate certification, Dr. Panchal signed a certificate stating, in part, that the "submission of any falsified ECFMG documents to other agencies... may be sufficient cause for ECFMG to ...withhold a certificate, to revoke a certificate, or to take other appropriate action."

6. In 1992 and 1993, Petitioner took and passed the necessary examinations in basic science, clinical science and English language for ECFMG certification. On July 29, 1993, ECFMG issued to Petitioner a standard ECFMG Certificate which stated it was valid indefinitely.

7. In 1997, Petitioner applied for a graduate medical program at Interfaith Medical Center ("Interfaith") in New York. Petitioner stated, as part of his application, that he had passed the examinations required for ECFMG certification. Petitioner was accepted into the graduate program at Interfaith which he successfully completed between 1997 and 2000.

8. In 1998, after completing the first year of his graduate medical program at Interfaith, Petitioner obtained his California medical license in 1998. Following the completion of his three year program at Interfaith, he moved to California where he has actively practiced medicine from February 2001 until the present. Petitioner obtained board certification in internal medicine in October 2000. Petitioner has a vested interest in his ECFMG certificate.

9. By letter dated December 16, 2005, ECFMG alleged that Petitioner had falsified an ECFMG test score in connection with his 1997 application for the residency program at Interfaith. ECFMG alleged that Dr. Panchal had submitted an ECMFG test score report which showed he received a score of 87 for his clinical science examination but that Dr. Panchal had only received a score of 77. The passing score for the clinical science examination was 75.

10. On May 31, 2006, a meeting of the ECFMG Credentials Committee was held at which Petitioner was permitted to appear and make a half hour presentation or statement regarding the allegations against him. At the meeting Dr. Panchal contended, inter alia, that ECFMG had no legal basis to take any action against him eight years after the alleged event and that the facts did not support the allegations that he had submitted a false ECFMG document to Interfaith.

11. By letter dated June 7, 2006 from ECFMG to Petitioner, the ECFMG Credentials Committee determined that Petitioner had engaged in "irregular behavior" in connection with the submission in 1997 to Interfaith of an ECFMG score report dated September 15, 1992. The Credentials Committee determined to permanently revoke the ECFMG Certificate that had been issued to him. Petitioner was notified that he had 60 days from the date of such notice in which to appeal that decision

1   pursuant to ECFMG Rules of Appellate Procedure.  A copy of the June 7, 2006 letter

2   is attached hereto as Exhibit A.

3   12.  By written statement dated August 2, 2006, Petitioner appealed the

4   determination of the ECFMG Credentials Committee to the ECFMG Review

5   Committee for Appeals.  No personal appearance by Dr. Panchal or his attorney

6   was permitted in connection with the appeal.

7   13.  By letter dated October 20, 2006 from ECFMG to Petitioner, Dr. Panchal was

8   informed that the ECFMG Review Committee for Appeals had determined not to

9   grant Petitioner's appeal.  No specific basis or reason was given for the denial of his

10  appeal.  A copy of the letter dated October 20, 2006 is attached hereto as Exhibit B.

11  14. The action of ECFMG in revoking Petitioner's standard certification is unlawful

12  and contrary to the mandatory duty of Respondent to maintain Petitioner's

13  standard certification including but not limited to the following reasons:

14      a)  ECFMG had no lawful basis for taking action in 2006 to revoke the

15  permanent standard certification properly issued to Petitioner in 1993 based upon

16  alleged irregularities in Petitioner's application to Interfaith in 1997.

17      b)  There was no stated time period in the written application and agreement

18  between ECFMG and Petitioner for action by ECFMG against Petitioner with

19  respect to a potential breach of contract with respect to Petitioner's ECFMG

20  certificate.  Under such circumstances, the law implies a reasonable period of time

21  from the date of the alleged breach for enforcement or action by ECFMG.  Eight

22  years is an unreasonable period of time from the date of the alleged breach of

23  contract for ECFMG to take adverse action against Petitioner.  This is particularly

24  true where Petitioner relied upon the certificate which had been properly awarded

25  him in applying for and completing his three-year post-graduate medical training,

PETITION FOR WRIT OF MANDATE, ETC.- 4

19

1   obtaining licensure in California, and investing over five additional years in the

2   establishment of his medical practice in California, and where the statutory period

3   in California for breach of written contract in civil actions is four years (California

4   Code of Civil Procedure Section 337).

5         c) The provision of the written application of Petitioner for ECFMG

6   certification which purports to allow ECFMG to revoke Petitioner's ECFMG

7   certificate for breach of contract is unconscionable as applied to Petitioner eight

8   years after the alleged breach of contract during which period of time Petitioner

9   relied upon the certificate which properly had been awarded him in applying for

10  and completing his three year post-graduate medical training, obtaining California

11  licensure  and investing over five years in the establishment of his medical practice

12  in California.

13        d) The contract between Petitioner and ECFMG with respect to testing and

14  certification was a contract of adhesion in which Petitioner had no bargaining

15  power and no meaningful choice or alternative but to assent to the terms of the

16  written document or give up his career in medicine in the United States.   As a

17  contract of adhesion, its terms must be strictly construed against ECFMG.

18        e) The agreement between Petitioner and ECFMG provided that ECFMG

19  may take action against Plaintiff based upon the "submission of falsified ECFMG

20  documents to other *agencies*..." [emphasis added].  There is no basis under the

21  written agreement for the action by ECFMG against Petitioner because the

22  submission of the alleged falsified ECFMG document over eight years ago to

23  Interfaith was made to a "hospital" not an "agency" such as a state licensing

24  agency.

25

---

PETITION FOR WRIT OF MANDATE, ETC.- 5

20

f) The revocation of Petitioner's certification eight years after the alleged breach of contract where Plaintiff properly and validly obtained his certification and substantially relied thereon in obtaining his California license and developing his medical practice is a punitive action by ECFMG in violation of the covenant of good faith and fair dealing implied in all contracts.

h) ECFMG was barred by the doctrine of laches from taking any action in 2006 to revoke the standard certification issued to Petitioner in 1993 based upon alleged irregularities in Petitioner's application to Interfaith in 1997 because Respondent delayed for an unreasonable length of time in commencing an action against Petitioner to the detriment of Petitioner;

15. There is no adequate remedy at law for the illegal conduct alleged herein.

16. Absent action by this court, Petitioner will suffer irreparable harm.

## SECOND CAUSE OF ACTION FOR WRIT OF ADMINSTRATIVE MANDAMUS (C.C.P. 1094.5)

16. Petitioner incorporates by reference the allegations of paragraphs 1-16 herein.

19. Petitioner has a vested right in the ECFMG certification issued to him in 1993 which substantially affects his professional livelihood.

20. Respondent violated the law in revoking Petitioner's ECFMG certificate because ECFMG did not provide Petitioner a fair trial including but not limited to the following:

a) Respondent did not provide a hearing at which Petitioner was permitted to bring witnesses on his behalf or cross-examine witnesses for Respondent;

21

b) Petitioner was permitted only to make a presentation of thirty minutes before the credentials committee with respect to the charges against him;

c) Petitioner had no opportunity to conduct voir dire with respect to the members of the credentials committee or otherwise determine their prior involvement in the proceedings against Petitioner or their objectivity and lack of bias with respect to the matter;

d) Respondent failed to render a decision which made specific findings connecting the evidence presented at the committee meeting with the findings in the decision or which addressed Petitioner's legal defenses;

e) Petitioner was not permitted to make a personal appearance, by himself or through his attorney, with respect to the appeal provided by Respondent with respect to the decision of the credentials committee;

21. Respondent committed a prejudicial abuse of discretion in determining to revoke Petitioner's ECFMG certification because the findings were not supported by the evidence and the conclusions were not supported by the findings in that:

a) The evidence did not support a finding that Petitioner engaged in "irregularities" in his submission of ECFMG documents to Interfaith in 1997;

b) ECFMG had no lawful basis for taking action in 2006 to revoke the standard certification properly issued to Petitioner in 1993 based upon alleged irregularities in Petitioner's application to Interfaith in 1997.

c) ECFMG was barred by the doctrine of laches from taking any action in 2006 to revoke the standard certification issued to Petitioner in 1993 based upon

alleged irregularities in Petitioner's application to Interfaith in 1997 because Respondent delayed for an unreasonable length of time in commencing an action against Petitioner to the detriment of Petitioner;

d)  ECFMG was barred by contract from taking any action with respect to Petitioner's certification in 2006 based upon alleged irregularities occurring eight years earlier in connection with Petitioner's application to Interfaith;

e)  ECFMG was barred by the implied time limitations in the written application for ECFMG certification from taking any action with respect to Petitioner's certification in 2006 based upon alleged irregularities occurring eight years earlier in connection with Petitioner's application to Interfaith;

f)  ECFMG was barred from taking any action to revoke Petitioner's standard certification in 2006 based upon alleged irregularities in his application to Interfaith in 1997 because such action constituted the improper enforcement of an unconscionable contractual provision by Respondent.

g)  The revocation of Petitioner's ECFMG was unlawful because the application executed by Petitioner in 1992 for his ECFMG certification provided that ECFMG may take action against Petitioner based upon the "submission of falsified ECFMG documents to other agencies…"  The alleged false document submitted to Interfaith was submitted to a hospital and not to an "agency".

h)  The revocation of Petitioner's ECFMG certification in 2006 based upon alleged irregularities in his application to Interfaith in 1997 was unlawful and must be set aside because ECFMG violated the covenant of good faith and fair dealing implied in every contract by revoking Petitioner's certification based upon alleged conduct occurring eight years earlier during which period of time Petitioner relied upon the certificate which properly had been awarded him in applying for and

23

1  obtaining California licensure and investing over five years in the establishment of

2  his medical practice in California.

3  22. Petitioner has no adequate remedy at law for the illegal conduct alleged herein.

4  23. Absent action by this court, Petitioner will suffer irreparable harm.

5  **THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT**

6  24. Plaintiff alleges and incorporates by reference the allegations of paragraphs 1-23

7  herein.

8  25. Plaintiff has suffered damages as a result of the wrongful conduct of ECFMG as

9  alleged herein, subject to proof at trial.

10  **FOURTH CAUSE OF ACTION FOR INJUNCTIVE RELIEF**

11  26. Plaintiff alleges and incorporates by reference the allegations of paragraphs 1-23

12  herein.

13  27. Unless enjoined by this court, Plaintiff will suffer irreparable harm from the

14  unlawful conduct of ECFMG in revoking Plaintiff's standard ECFMG certificate.

15  28. There is no adequate remedy at law.

16  **FIFTH CAUSE OF ACTION FOR INTENTIONAL INTERFERENCE WITH**

17  **PROSPECTIVE ECONOMIC ADVANTAGE**

18  29. Plaintiff incorporates by reference the allegations of paragraphs 1-23 herein.

19  30. Plaintiff has an economic relationship with his current patients and hospitals in

20  which he has medical staff privileges and with physician provider organizations

21  containing future economic benefit or advantage to Plaintiff.

22  

23  31. Defendant ECFMG knew of Plaintiff's relationship with his patients, hospitals

24  and provider organizations in California.

25  

PETITION FOR WRIT OF MANDATE, ETC - 9

24

32. ECFMG engaged in wrongful conduct in terminating Plaintiff's ECFMG certificate and notifying the California Medical Board and other entities of its finding of "irregular behavior" by Plaintiff and in revoking Plaintiff's ECFMG certificate.

33. Defendant ECFMG engaged in such wrongful conduct with the intent to interfere with or disrupt these advantageous relationships, or with the knowledge that such interference or disruption was certain or substantially certain to occur as a result of its action.

34. The wrongful conduct of defendant which was designed to interfere with or disrupt the advantageous relationships has caused damage to Plaintiff in an amount to be proved at trial.

35. The aforementioned acts of ECFMG were willful, oppressive and malicious. Plaintiff is therefore entitled to punitive damages.

WHEREFORE, Petitioner prays as follows:

FIRST CAUSE OF ACTION

1. For a peremptory writ of mandate commanding ECFMG to set aside its decision revoking Plaintiff's ECFMG certificate and ordering ECFMG to notify all medical boards, the Federation of State Medical Boards and all other hospitals, medical education programs and all other similar entities, associations or persons to whom ECFMG previously gave notice of its revocation of Petitioner's ECFMG certificate that such action has been rescinded and set aside.

2. For his costs of suit.

PETITION FOR WRIT OF MANDATE, ETC - 10

25

3. For such other and further relief as may be proper.

SECOND CAUSE OF ACTION

1. For a peremptory writ of mandate commanding ECFMG to set aside its decision revoking Plaintiff's ECFMG certificate and further ordering ECFMG to notify all medical boards, hospitals, medical education programs and all other similar entities, associations or persons to whom ECFMG previously gave notice of its revocation of Petitioner's ECFMG certificate that such action has been rescinded and set aside.

2. For his costs of suit.

3. For such other and further relief as may be proper.

THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT

1. For damages subject to proof.

2. For costs of suit.

3. For such other relief as may be proper.

FOURTH CAUSE OF ACTION FOR INJUNCTIVE RELIEF

1. That a temporary restraining order and/or preliminary injunction be issued commanding ECFMG to set aside its decision revoking Plaintiff's ECFMG certificate and informing all state medical boards, the Federation of State Medical Boards, and all other hospitals, medical education programs or other similar entities or associations to whom it previously gave notice of its revocation of Plaintiff's certificate of the fact that such action has been rescinded and set aside.

2. That a permanent injunction be issued commanding ECFMG to set aside its

26

decision revoking Plaintiff's ECFMG certificate and to inform all state medical

boards, the Federation of State Medical Boards, and any hospital,  medical

education program or other similar entity, association or person to whom it

previously gave notice of its revocation of Plaintiff's certificate that such action has

been rescinded and set aside.

3.  For monetary damages subject to proof.

4.  For his costs of suit.

5.  For such other and further relief as may be proper.

FIFTH CAUSE OF ACTION

1.  For monetary damages subject to proof.

4.   For punitive damages.

5.  For his costs of suit.

6.  For such other and further relief as may be proper.


Dated:  December 30, 2007          Law Offices of Douglas B. Schwab


                                   By: _____
                                        Douglas B. Schwab,
                                        Attorney for Petitioner

27



**ECFMG** ⎪ EDUCA    AL COMMISSION FOR
⎪ FOREIGN MEDICAL GRADUATES

3624 Market Street
Philadelphia PA 19104-2685 USA
215-386-5900 | 215-386-9767 Fax
www.ecfmg.org

Personal and Confidential
Via Federal Express

June 7, 2006

Dr. Pravin Mohanlal Panchal
3975 Jackson Street, #103
Riverside, CA  92506

Re: USMLE™/ECFMG® Identification No. 0-474-087-4

Dear Dr. Panchal:

On behalf of the ECFMG Medical Education Credentials Committee, I am writing to inform you the Committee has completed its review of the allegation that you engaged in irregular behavior in connection with the submission of a falsified ECFMG score report dated September 15, 1992 to Interfaith Medical Center, Brooklyn, New York. The ECFMG Committee reviewed this matter at its May 30-31, 2006 meeting.

In advance of the review, the members of the Committee were provided with the documents listed in my February 21, 2006, April 5, 2006 and May 19, 2006 letters to you.  You requested and made a personal appearance before the Committee accompanied by legal counsel, Douglas B. Schwab, Esq. A copy of the transcript of the proceedings is enclosed.

The ECFMG Committee considered the documentation presented to it, your oral testimony and statements by Mr. Schwab.  Following careful review of this matter, the ECFMG Committee determined that you had engaged in irregular behavior in connection with the submission of a falsified ECFMG score report dated September 15, 1992 to Interfaith Medical Center, Brooklyn, New York.  The ECFMG Committee took action to permanently revoke the Standard ECFMG Certificate that had been issued to you.

In accordance with ECFMG policies and procedures, an annotation that you engaged in irregular behavior will be included in your ECFMG record.  This annotation shall appear on your ECFMG Certification Verification Service Report and ECFMG Status Report.  In addition, ECFMG will report the determination of irregular behavior and permanent revocation of your Standard ECFMG Certificate to the Federation of State Medical Boards, state medical licensing authorities, directors of graduate medical education programs and other interested entities

As noted in the enclosed ECFMG Rules of Appellate Procedure, decisions of the ECFMG Medical Education Credentials Committee may be appealed within the 60 day

ECFMG® is an organization committed to promoting excellence in international medical education

2 $\oint$

Dr. Pravin Mohanlal Panchal
June 7, 2006
Page 2

time limit specified.

If you have any questions, please telephone me at (215) 823-2277.

Sincerely,

William C. Kelly
Director, Credentialing and Record
Services

/wck
Enclosures
cc: Douglas B. Schwab, Esq  (with enclosure)

29

*ECFMG® Board Operational Policies and Procedures*

**Rules of Appellate Procedure**

A. Grounds for Appeal

    1. A decision of the ECFMG Medical Education Credentials Committee may be appealed to the ECFMG Review Committee if the individual involved has a reasonable basis to believe the ECFMG Medical Education Credentials Committee did not act in compliance with applicable ECFMG policies and/or procedures or that the decision of such Committee was clearly contrary to the weight of the evidence before it.

    2. All appeals must be made in accordance with the procedures set forth in these rules.

B. Notice of Appeal

    The notice for such an appeal must be received by ECFMG within sixty (60) days of the date on which the notification advising the individual of the Medical Education Credentials Committee decision was mailed to the individual. This notice must specify the particular basis upon which the appeal is made.

C. Preliminary Review

    1. The President of ECFMG, or designate, shall review each notice of appeal to determine whether it has been submitted in accordance with the procedures set forth herein.

    2. If the notice of appeal complies with these requirements, the President, or his designate, shall set a date for a consideration of the appeal.

D. Review Committee

    1. The members of the Review Committee shall be appointed by the President of ECFMG. There shall be a minimum of three members on the Review Committee. Any member of the Board of Trustees who took part in the decision of the Medical Education Credentials Committee being appealed is ineligible to serve on the Review Committee for that case.

    2. The Review Committee shall select its own Chair.

    3. A written record, including all information available to the Medical Education Credentials Committee, a transcript of the individual's appearance before that Committee (if there was a personal appearance), a copy of the Committee's decision, and the basis for appeal set forth by the individual, shall be reviewed by the Review Committee.

    4. There shall be no right for an individual to personally appear before the Review Committee as part of his/her appeal.

30

E.  Scope of Review

If the Review Committee determines that the Medical Education Credentials Committee did not act in compliance with applicable ECFMG policies and procedures and/or that the decision of the Medical Education Credentials Committee was clearly contrary to the weight of the evidence before it, the Review Committee may reverse the decision of the Medical Education Credentials Committee or remand the matter to the Medical Education Credentials Committee for further consideration. Otherwise, the determination of the Medical Education Credentials Committee shall stand. The burden is upon the appellant to show that the Medical Education Credentials Committee did not act in compliance with the ECFMG policies and procedures and/or that its decision was clearly contrary to the weight of the evidence before it.

F.  Decision of Review Committee

A decision of the Review Committee shall be set forth in writing and mailed to the applicant.

G.  Finality of Findings

Decisions of the Review Committee are final and binding on both the applicant and ECFMG.



**ECFMG** EDUCATIONAL COMMISSION FOR
FOREIGN MEDICAL GRADUATES

3624 Market Street
Philadelphia PA 19104-2685 USA
215-386-5900 | 215-386-9767 Fax
www.ecfmg org

Personal and Confidential
Via Federal Express

October 20, 2006

Dr. Pravin Mohanlal Panchal
3975 Jackson Street, #103
Riverside, CA 92506

Re: USMLE™/ECFMG® Identification No 0-474-087-4
ECFMG Review Committee Decision

Dear Dr. Panchal.

At its May 30-31, 2006 meeting, the Educational Commission for Foreign Medical
Graduates (ECFMG) Medical Education Credentials Committee reviewed the allegation
that you engaged in irregular behavior in connection with the submission of a falsified
ECFMG score report dated September 15, 1992 to Interfaith Medical Center, Brooklyn,
New York  You requested and made a personal appearance before the Committee on
May 31, 2006 accompanied by Douglas B. Schwab, Esq.  Following careful review, the
ECFMG Medical Education Credentials Committee determined that you had engaged in
irregular behavior in connection with the submission of a falsified ECFMG score report
dated September 15, 1992 to Interfaith Medical Center, Brooklyn, New York   The
ECFMG Committee took action to permanently revoke the Standard ECFMG Certificate
that had been issued to you.

Douglas B. Schwab, Esq., your attorney, subsequently filed a Notice of Appeal of
the ECFMG Medical Education Credentials Committee's decision on your behalf.  Your
appeal was heard on October 18, 2006 by the ECFMG Review Committee for Appeals
The ECFMG Review Committee considered the information before it, including the
Notice of Appeal.

The ECFMG Rules of Appellate Procedure in Paragraph E set forth the Scope of
Review to be utilized by the ECFMG Review Committee for Appeals.

"If the Review Committee determines that the Medical Education
Credentials Committee did not act in compliance with applicable
ECFMG policies and procedures and/or that the decision of the
Medical Education Credentials Committee was clearly contrary
to the weight of the evidence before it, the Review Committee
may reverse the decision of the Medical Education Credentials
Committee or remand the matter to the Medical Education
Credentials Committee for further consideration.  Otherwise, the
determination of the Medical Education Credentials Committee

ECFMG® is an organization committed to promoting excellence in international medical education

32

Dr. Pravin Mohanlal Panchal
October 20, 2006
Page 2

shall stand.  The burden is upon the appellant to show that the
Medical Education Credentials Committee did not act in compliance
with the ECFMG policies and procedures and/or that its decision
was clearly contrary to the weight of the evidence before it."

Based on its review, the ECFMG Review Committee has determined <u>not</u> to grant
your appeal of the decision of the ECFMG Medical Education Credentials Committee

If you have any questions, please direct your correspondence to me or Mr
William C. Kelly, Director, Credentialing and Record Services.


ECFMG REVIEW COMMITTEE
FOR APPEALS


By: _____

Stephen S. Seeling, J.D
Vice President for Operations
Educational Commission for Foreign
Medical Graduates
At the Direction of the ECFMG
Review Committee for Appeals

SSS/wck
cc. Douglas B. Schwab, Esq.

33

# VERIFICATION

STATE OF CALIFORNIA, COUNTY OF

I have read the foregoing __Petition for Writ of Mandate (C.C.P. 1085); Petition for Writ of Admin. Mandamus (C.C.P. 1094.5); ETC._____and know its contents.

☒ **CHECK APPLICABLE PARAGRAPH**

☒ I am a party to this action  The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true

☐ I am ☐ an Officer ☐ a partner_____☐ a_____of_____

a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason  ☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true  ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for_____,
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason  I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on __December 30, 2007XX__, at __Riverside_____California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct

__Pravin Panchal, M.D.____                    _Pravin M. Panchal, MD_
Type or Print Name                                  Signature

## ACKNOWLEDGMENT OF RECEIPT OF DOCUMENT
(other than summons and complaint)

Received copy of document described as_____

on_____19___

_____            _____
Type or Print Name                                  Signature

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF

I am employed in the county of_____, State of California

I am over the age of 18 and not a party to the within action, my business address is_____

On_____19___, I served the foregoing document described as_____

_____on_____

in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows

☐ (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States mail at_____, California

Executed on_____, 19___, at _____, California

☐ (BY PERSONAL SERVICE) I caused such envelope to be delivered by hand to the offices of the addressee

Executed on_____, 19___, at _____, California

☐ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct

☐ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made

_____            _____
Type or Print Name                                  Signature

STUART'S ENBRODY TIMESAVER (REVISED 6/83)

34

1

**PROOF OF SERVICE**

2

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3

4     I am employed in the County of Los Angeles, State of California, by WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP and am over the age of 18 and not a party to the within action.  My business address is 555 South

5     Flower Street, Suite 2900, Los Angeles, California 90071.

6     On **May 26 , 2008**, I served the foregoing document described as **NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A**

7     **CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO F.R.C.P. Rule 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

8     on all interested parties, through their respective attorneys of record in this action, by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

9

10    | Douglas B. Schwab, Esq. | ***Attorneys for Plaintiff*** |
|---|---|
| LAW OFFICES OF DOUGLAS B. SCHWAB<br>23622 Calabasas Road, Suite 147<br>Calabasas, CA  91302 | ***Fax:***    (818) 225-9902<br>**Phone:**  (818) 225-9900 |

11

12

13    **XX**    (BY MAIL) I caused such envelope(s) fully prepaid to be placed in the United States Mail at Los Angeles, California. I am "readily familiar" with the

14    firm's practice of collection and processing correspondence or mailing.  Under that practice it would be deposited with U.S. postal service on that same day with

15    postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed

16    invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

17

18    _____ (BY OVERNIGHT-FEDERAL EXPRESS) I caused said document(s) to be picked up by U.S. Federal Express Services for overnight delivery to the offices of the addressees listed on the Service List.

19    _____ (BY HAND DELIVERY/PERSONAL SERVICE) I caused said document(s) to be personally delivered by a courier/attorney service to each

20    addressee on the Service list.

21    _____ (BY FACSIMILE)  I caused said document(s) to be telephonically transmitted to each addressee's telecopier (Fax) number as noted.

22    JURISDICTION

23    **XX**   (Federal)  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

24

Executed on **May 26, 2008**, at Los Angeles, California.

25

26

27    Irene Guzman Buelna

28

35

**NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO F.R.C.P. RULE 12(b)(6), AND FAILURE TO SERVE SUMMONS PURSUANT TO F.R.C.P. RULE 12(b)(5);  MEMORANDUM OF POINTS & AUTHORITIES; DECLARATION OF MARC V. ALLARIA**

661763.1